UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

              Plaintiff,

        -v.-

JOHN DOE subscriber assigned IP
address 67.245.21.245,

              Defendant.
------------------------------------------------------X

ORDER

24 Civ. 4985 (AT) (GS)

**GARY STEIN, United States Magistrate Judge:**

    Plaintiff Strike 3 Holdings LLC ("Strike 3") has moved for leave to serve a third-party subpoena prior to a Rule 26(f) conference. (Dkt. Nos. 12-13). The Court grants the motion with certain limitations as described below.

    Plaintiff, which owns adult motion pictures and distributes them through subscription-based websites, filed this action for copyright infringement on July 1, 2024. (Dkt. No. 1 ("Complaint" or "Compl.") ¶¶ 2-3, 16). Plaintiff alleges that Defendant recently has been unlawfully downloading and distributing its motion pictures using a BitTorrent protocol. (*Id.* ¶¶ 31-47 & Ex. A). Using geolocation technology, Plaintiff has traced the IP address associated with the allegedly infringing activity to this District. (*Id.* ¶¶ 9-12).

    Plaintiff currently has been able to identify Defendant only by this IP address. (*Id.* ¶¶ 5, 15). In order to discover Defendant's identity and effectuate service of process, Plaintiff seeks leave under Fed. R. Civ. P. 26(d)(1) to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP"), Spectrum.

(Dkt. No. 13 at 1). Plaintiff represents that the subpoena will seek the production only of Defendant's name and address. (*Id*. at 2).

Applying the Second Circuit's test in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010), numerous courts in this District have granted similar motions by Strike 3 to serve third-party subpoenas on ISPs seeking to identify the John Doe defendant. *See Strike 3 Holdings, LLC v. Doe*, No. 23 Civ. 5440 (JLR), 2023 WL 4931701, at *2 (S.D.N.Y. Aug. 2, 2023) ("Courts in this District are frequently faced with requests like these from Plaintiff and similar entities, and routinely conclude that each of the [*Arista*] factors counsel in favor of granting the subpoena."); *Strike 3 Holdings, LLC v. Doe*, No. 22 Civ. 10691 (AKH) (SN), 2023 WL 3005744 at *1 (S.D.N.Y. Jan. 26, 2023) ("Many judges in this District have already addressed the issues raised in Plaintiff's Motion and granted these applications.").[1]

The Court has reviewed the Complaint, Plaintiff's memorandum of law in support of its motion (Dkt. No. 13), and Plaintiff's three supporting declarations (Dkt. Nos. 13-1, 13-2, and 13-3) and finds that Plaintiff has made substantially the same factual showing here that has warranted relief in prior cases. For the same reasons identified in those decisions, the *Arista* factors favor granting Plaintiff's motion in this case. Accordingly, the Court concludes there is good cause under

---

[1] Among the many other examples of courts applying the *Arista* factors and granting similar motions are *Strike 3 Holdings, LLC v. Doe*, No. 22 Civ. 6379 (RA), 2022 WL 3681313 (S.D.N.Y. Aug. 25, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22 Civ. 1618 (LJL), 2022 WL 785216 (S.D.N.Y. Mar. 15, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 20 Civ. 6600 (AT) (RWL), 2020 WL 5518486 (S.D.N.Y. Sept. 11, 2020); *Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 5818 (AT) (JLC), 2019 WL 5459693 (S.D.N.Y. Oct. 9, 2019); and *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518 (S.D.N.Y. 2019).

Rule 26(d)(1) for the limited discovery sought by Plaintiff prior to a Rule 26(f) conference.

At the same time, courts in this District "regularly issue protective orders or require certain procedural safeguards when issuing similar subpoenas requested by Plaintiff, due to the potential for embarrassment [to the defendant] and the risk of false identifications of the users of an IP address." *Strike 3 Holdings, LLC v. Doe*, No. 23 Civ. 11221 (DEH), 2024 WL 1704932, at *2 (S.D.N.Y. Apr. 18, 2024); *see also Strike 3 Holdings, LLC v. Doe*, No. 23 Civ. 8574 (JPO), 2023 WL 6850219, at *1 (S.D.N.Y. Oct. 17, 2023) (imposing procedural protections for John Doe defendant and noting that "the nature of the alleged copyright infringement—the downloading of an admittedly pornographic movie—has the potential for forcing coercive settlements, due to the potential for embarrassing the defendant") (cleaned up).

The Court agrees that such safeguards are warranted and has incorporated them below into this Order. Among other things, Defendant may, if he or she wishes, participate anonymously in this case until further order of the Court. The Court has considered the factors set forth in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008), for assessing whether a litigant should be allowed to proceed anonymously and concludes that, at least for now, they weigh in favor of protecting Defendant's anonymity. *See Strike 3 Holdings, LLC v. Doe*, No. 3:21-cv-106-VLB, 2021 WL 5638442, at *5 (D. Conn. Dec. 1, 2021) (applying the *Sealed*

*Plaintiff* factors and finding that "Defendant's interest in anonymity outweighs the countervailing public interests in full disclosure at this stage of the litigation").[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of the date of this Order, Plaintiff may serve a Rule 45 subpoena on Spectrum to obtain the name and address of John Doe (the "Defendant") in accordance with the limitations stated in this Order. Plaintiff may not seek any other information about Defendant, including but not limited to Defendant's telephone number or email address. The subpoena shall attach a copy of the complaint in this matter and a copy of this Order, with the annexed "Notice to Subscriber."

2. Within 60 days following the receipt of this subpoena, Spectrum shall deliver a copy thereof (including the copy of the attached complaint and a copy of this Order) to the Defendant—that is, the subscriber (or subscribers) that it determines are associated with the IP address in the caption above. Spectrum shall deliver these materials using any reasonable means, such as a written notice delivered to Defendant's last known address, transmitted either by first class mail or by overnight service. Spectrum shall inform Plaintiff of the date it delivered the materials to Defendant and of the means it used to do so.

3. Once the above materials are delivered to Defendant, Defendant shall have 60 days from the date of delivery to make any application to this Court contesting the subpoena, including a motion to quash or modify the subpoena. Spectrum shall not turn over Defendant's identifying information to Plaintiff prior to the expiration of this 60-day period. In addition, if Defendant (or Spectrum) files a motion to quash or modify the subpoena, Spectrum shall not turn over Defendant's identifying information until the Court resolves the motion and orders Spectrum to turn over the information.

4. Spectrum shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify the subpoena.

5. If the 60-day period in which Defendant may make an application contesting the subpoena lapses without Defendant having made such an application,

---

[2] Defendant will still be required to disclose his identity to the Court but may do so under seal. *See, e.g.*, *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 117 n.6 (2d Cir. 2024) ("even when parties proceed anonymously to the public or the opposing party, their names and other identifying information must still be disclosed *to the court*") (emphasis in original).

4

Plaintiff shall so inform the Court (providing at that time any information Spectrum provided to it regarding the delivery and/or receipt of the subpoena) and may at that time request an order that Spectrum release the requested information to Plaintiff. The Court expects that it will then issue an Order directing Spectrum to release the information to Plaintiff within 21 days thereafter. During either the 60-day period or the 21-day production period, Spectrum may file its own motion to quash.

6. Any information ultimately disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint. Plaintiff shall not initiate settlement discussions with Defendant prior to service of the complaint without permission from the Court. Nevertheless, if Defendant initiates such discussions, Plaintiff may participate therein and settle the case. Either Plaintiff or Defendant may request that settlement negotiations be conducted under the supervision of the undersigned Magistrate Judge.

7. Defendant may proceed anonymously as John Doe in this action unless and until the Court orders otherwise, subject to the conditions described in the "Notice of Subscriber" annexed to this Order. Accordingly, Plaintiff shall not publicly file any of Defendant's identifying information and instead shall file all documents containing Defendant's identifying information in redacted form with the unredacted version filed under seal. Plaintiff is further ordered to not disclose Defendant's identifying information to anyone else.

Plaintiff is further directed to file a status letter with the Court no later than October 21, 2024. The Clerk of Court is respectfully directed to close the open motion at Docket Number 12.

**SO ORDERED.**

DATED:   New York, New York
             August 21, 2024

_____
GARY STEIN
United States Magistrate Judge

## **NOTICE TO SUBSCRIBER**

1. You have been named as a defendant in the case of *Strike 3 Holdings, LLC v. John Doe*, 24 Civ. 4985 (AT) (GS). The case was filed in the United States District Court for the Southern District of New York, which is located at 500 Pearl Street, New York, New York. The complaint in the case alleges that you illegally downloaded and/or distributed movies in digital form. The case was brought by Strike 3 Holdings, LLC (the "Plaintiff."). The case has been referred for pretrial supervision to the Honorable Gary Stein, United States Magistrate Judge for the Southern District of New York.

2. Strike 3 Holdings, LLC is seeking your name and address so that Strike 3 Holdings, LLC may formally serve you with the complaint in the lawsuit. Strike 3 Holdings, LLC does not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the device associated with the alleged downloading and/or distributing. Using the IP address, it has issued a subpoena asking Spectrum to provide your name and address. Attached is a copy of this subpoena to Spectrum. Also attached is an Order issued by Judge Stein regarding how the case will proceed.

3. You are not required to answer the complaint at this time. At this point, Strike 3 Holdings, LLC is only seeking your name and address from Spectrum. It is seeking the name and address for the purpose of serving you with the complaint in this case.

4. You are free to hire a lawyer to represent you in this case. You are also free to represent yourself, which is called proceeding "*pro se.*"

5. If you do not want Spectrum to provide this information to Strike 3 Holdings, LLC and you believe there is a legal basis for Spectrum to withhold this information, you may file with the Court an application in the form of a motion seeking to "quash" or modify the subpoena. This must be done within 60 days of the date that Spectrum sent you this notice. If you do not have a lawyer, this application may be in the form of a letter mailed or delivered to the Court at the following address:

Pro Se Intake Unit
United States Courthouse
500 Pearl Street Room 250
New York, NY 10007

You may file this letter by email by sending it in pdf form to:
Temporary_Pro_Se_Filing@nysd.uscourts.gov

You should put the following words prominently on the letter: TO BE FILED UNDER SEAL BY ORDER OF JUDGE STEIN.

You should give the docket number of the case and the date
of the Order signed by Judge Stein.

You may contact the Pro Se Office, which is the office that helps people who do not have lawyers, at (212) 805-0175.  You may also be able to obtain free legal assistance from the New York Legal Assistance clinic at (212) 659-6190.

6.      The Court has already ordered that no documents shall be filed publicly containing your name and address until the Court rules otherwise.  However, if you are representing yourself, you will still have to provide your name and address, as well as other information such as a telephone number, to the Court.  Any material sent to the Pro Se Office should contain a reminder to them that you have permission to file documents under seal and that the Court has already ordered that no documents shall be filed publicly containing your name and address.

7.      If you do not file a motion that seeks to quash or modify the subpoena, Strike 3 Holdings, LLC will obtain your name and address and will then serve the complaint on you.  You may still proceed in this case anonymously unless the Court later rules otherwise.  This means that the Court and Strike 3 Holdings, LLC will know your identity and contact information, but your identity will not be made public unless the Court determines otherwise.  If Strike 3 Holdings, LLC serves you with a copy of the complaint, the next step in the case will be for you to file an Answer.  You may contact the Pro Se Office about how to proceed if you are served with the complaint.

THIS NOTICE WAS AUTHORIZED BY:

Gary Stein
United States Magistrate Judge
U.S. District Court - Southern District of New York
500 Pearl Street
New York, NY 10007